# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. A-11-CR-147 LY |
| | § | |
| GARLAND SAVAGE | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on June 3, 2013, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

### I. PROCEDURAL BACKGROUND

On January 4, 2012, the Defendant was sentenced to 18 months in prison, and three years of supervised release, for two counts of being a felon in possession of firearms, in violation of 18 U.S.C. § 922. The Defendant was released from the Bureau of Prisons and began supervision on June 12, 2012.

The Defendant's initial adjustment to supervision was satisfactory. The Defendant's overriding challenge is his heroin addiction. Initially, the Defendant remained clean and participated in outpatient substance abuse treatment. However, in April of this year, the Defendant provided a

specimen that the testing provider identified as "substituted" (*i.e.*, not the Defendant's urine). Then, on May 6, 2013, the Defendant's submitted a specimen that tested positive for opiates. The Defendant admitted to having relapsed into heroin use, and stated that he had been using heroin daily, beginning in April and continuing until May 8, 2013. The Probation Office directed that the Defendant admit himself into a detox and treatment facility, and the Defendant agreed to do so. There is a dispute regarding what happened next, but the Defendant attempted to be admitted first to the Austin Recovery Center, and then to the Summer Skye Treatment Center in Stephenville, Texas. In neither instance was he admitted. The Defendant contended at the hearing that the failure to be admitted to the centers was due to medical issues. The Government did not present evidence to contradict this, although the Summer Skye program reported to the Probation Office that the Defendant was not admitted because he refused to participate in the program. Regardless, it is undisputed that the Defendant reported to the Probation Office as directed on May 28, 2013, at which time he was arrested on a warrant authorized by the undersigned. The Defendant stated at the hearing that prior to reporting he had commenced medical treatment for his addiction, and was under the care of a doctor who had prescribed a medication that acts as a heroin antagonist. The also stated that he had completed detoxing from heroin.

On June 3, 2013, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the petition.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by: (1) testing positive for the use of controlled substances; and (2) failing to submit to treatment and provide urine specimens as directed.

III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant, and has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is II, resulting in an (advisory) guideline range of 4 to 10 months of imprisonment.

Based on the evidence presented at the hearing, the Court believes that it is appropriate to give the Defendant an opportunity to continue the detoxification and treatment he has already commenced, but with additional restrictions on his supervision. **ACCORDINGLY IT IS RECOMMENDED** that the Defendant be **CONTINUED** on supervised release, with the following modifications of his conditions of supervision:

1. The defendant shall participate in the Location Monitoring Program using the location monitoring technology determined by the probation office, for a period of 120 days. He shall abide by the rules and regulations of the Participant Agreement Form. During this time, he will remain at his place of residence except for employment and other activities approved in advance by his probation officer. He will maintain a telephone at his place of residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period as directed by the probation officer. He will wear an electronic monitoring device and follow location monitoring procedures specified by his probation officer. He shall pay all or part of the costs of the program based on the ability to pay as directed by the probation officer

2. The defendant shall provide a medical release to the Probation Office so that it may monitor his current substance abuse and medical treatment, and shall follow all directives of the Probation Office regarding participating in substance abuse treatment.

In the event the District Judge adopts this recommendation, the Defendant will have been given a second chance. As mentioned at the hearing, if the Defendant again violates, the Court will have no choice but to recommend the revocation of the Defendant's supervised release. To be successful, the Defendant will have to address and control his heroin addiction. The Defendant stated at the hearing that he understands this, and believes he both can succeed in doing so. While the statement is of some value, the Defendant's actions will be what matters, and what will be necessary for him to succeed.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of June, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE